## Eye Care for Indigent

RUTHERFORD, Deputy Attorney General, October 16, 1950.—You ask to be advised concerning your responsibility for the payment of remedial eye care to recipients of public assistance.

Formal Opinion No. 588, dated December 13, 1948, has already ruled that under section 1515.1, added to the School Code of May 18, 1911, P. L. 309, by the Act of July 5, 1947, P. L. 1301, 24 PS §1512.2a (now section 1438 of the School Code of March 10, 1949, P. L. 30), your department rather than the State Council for the Blind is responsible for payment of eye care for children of school age: 66 D. & C. 157. Responsibility for eye care for recipients of public assistance above school age has not heretofore been passed upon.

Section 2 of the Public Assistance Law of June 24, 1937, P. L. 2051, as amended, 62 PS §2502, provides:

"As used in this act, unless otherwise indicated,

" 'Assistance' means assistance in money, goods, shelter, *medical care*, work relief or services, provided from or with State or Federal funds, for indigent persons who reside in Pennsylvania and need assistance to enable them to maintain for themselves and their dependents a decent and healthful standard of living, and for indigent homeless or transient persons. The word, assistance, shall be construed to include pensions for those blind persons who are entitled to pensions, as provided in this act, and to include also burial for those indigent persons who were receiving assistance at the time of their death." (Italics supplied.)

Section 4(b) of the Public Assistance Law, as amended, supra, 62 PS §2504, provides:

"The Department of Public Assistance shall have the power, and its duties shall be: . . .

"(b) To establish, with the approval of the State Board of Public Assistance, rules, regulations and standards, consistent with the law, *as to eligibility for*

*assistance and as to its nature and extent."* (Italics supplied.)

Section 4(*k*) of the Public Assistance Law, as amended by the Act of May 21, 1943, P. L. 434, 62 PS §2504, provides:

"The Department of Public Assistance shall have the power, and its duties shall be: . . .

"(*k*) To take measures not inconsistent with the purposes of this act and, with the approval of the State Board of Public Assistance *when other funds or facilities for such purposes are inadequate or unavailable,* to provide for special needs of individuals eligible for assistance, *to relieve suffering and distress arising from handicaps and infirmities, to promote their rehabilitation, to help them if possible to become self dependent and to cooperate to the fullest extent with other public agencies empowered by law to provide vocational training, rehabilitative or similar services."* (Italics supplied.)

It is clear that the term "medical care" means medical care for any part of the body including the eye. Under the above-cited definition and under section 4 of the Public Assistance Law, your department with the approval of the State Board of Public Assistance in establishing standards as to eligibility for assistance and as to its nature and extent may include eye care.

However, there is an express provision for eye care in section 2320 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §610, which provides as follows:

"The State Council for the Blind shall have the power, and its duties shall be:

"(*a*) *To formulate a general policy and program for the prevention of blindness,* and for the improvement of the condition of the blind in this Commonwealth. Such policy and program shall be modified

from time to time as may be found necessary or advisable in the light of improvements in method and practice;

"(b) To make recommendations, in accordance with such policy and practice, to the several executive and administrative departments, boards, and commissions of this Commonwealth, and to any public or private agencies therein which may be in any way concerned with work with or for the blind;

"(c) To cooperate with State and local agencies, both public and private, in taking steps to prevent the loss of sight, in alleviating the condition of blind persons, and persons of impaired vision, in extending and improving the education, advisement, training, placement, and conservation of the blind, and in promoting their personal, economic, social and civic well-being;

"(d) To act as a means for communicating with other State agencies, public or private, and with national agencies, and to cooperate in efforts to procure an enactment of legislation regarding the prevention of blindness, the improvement of the blind, or the regulation of private agencies for the care of the blind;

"(e) To collect, systematize, and transmit to the Department of Property and Supplies for publication and distribution to other agencies, information in regard to blind persons and persons of impaired vision in this Commonwealth, including their present physical and mental condition, the causes of blindness, and the possibilities of improvement of vision, their financial status and earning capacity, their capacity for education and vocational training, and any other relevant information looking toward the improvement of their condition;

"(f) To refer cases of blind persons, or problems in relation to the blind, or prevention of blindness, to such agencies, public or private, as may be likely to deal most successfully with them;

"(*g*) To encourage the coöperation of all agencies, public and private, doing work for the blind in this Commonwealth, and of the agencies whose work is related to the prevention of blindness;

"(*h*) To supervise the expenditures of State appropriations made to such agencies, except in cases in which such supervision is by law within the powers or duties of some other administrative department, board or commission;

"(*i*) *To furnish or make available medical treatment, surgical operations, eye glasses* and other necessary aids or services, including transportation, to needy blind persons or persons with impaired vision for the purpose of improving, conserving or restoring their vision. *These services and aids shall not be furnished unless they are otherwise unavailable,* and in no case shall the total costs thereof exceed two hundred fifty dollars ($250) per person;

"(*j*) To take any action and to adopt any regulations necessary to carry out the objectives of this section and, in furtherance of those objectives, to accept any grants or contributions from the Federal Government or any agency thereof.

"Any such grants or contributions shall be held by the State Treasurer as custodian for the State Council for the Blind and shall be paid out on requisition of the State Council for the Blind without further appropriation;

"(*k*) *To improve the condition of the blind* by supplying, where not otherwise available, home instruction and training for educable blind persons in the reading and writing of embossed types, in those handicrafts in which the blind can engage for remunerative or therapeutic value, or for improving their personal, civic and social well-being, and in such other fields of endeavor as may be considered appropriate and beneficial;

"(*l*) *For the purpose of improving the economic conditions of the industrially blind; to furnish and make available medical and psychological examinations; medical and surgical treatment; hospitalization; prosthetic appliances and aids;* vocational counseling and guidance; prevocational and vocational training; transportation for medical and training purposes; maintenance for medical and training purposes; placement in suitable employment with necessary occupational tools and equipment, and post-placement employment adjustment; *these services to be made available to residents of the Commonwealth who have reached their sixteenth birthday, and who have a thirty percent or greater loss in visual functioning,* and who are suffering from a static permanent employment handicap by reason of this loss of visual functioning." (Italics supplied.)

It is the duty and responsibility of the State Council for the Blind to carry out the provisions of this section. Under the power conferred the State Council for the Blind extends:

1. Prevention of blindness service to needy persons when these persons possess an eye disorder which is amenable to treatment.

2. Medical treatment, surgical operations and other necessary aids or services to *needy blind adult* persons with *impaired vision* who have eye disorders which are amenable to treatment.

3. Physical restoration services to needy persons who have a 30 percent or greater loss in visual functioning and who are suffering from a static permanent employment handicap by reason of this loss of visual functioning when the rendering of this service will eliminate the handicap.

Under section 4(*k*) of the Public Assistance Law, as amended by the Act of May 21, 1943, P. L. 434, supra, 62 PS §2504, it would appear that the Department of Public Assistance should coöperate with the State

Council for the Blind by referring to the Council for the Blind all applicants or recipients who are eligible for any one or more of the above-mentioned medical services rendered by the council. In other words, when it has been determined by the Department of Public Assistance that it has an applicant or recipient who is blind, or who has impaired vision or has an eye disorder that is amenable to treatment, or who has a 30 percent or greater loss in visual functioning that constitutes an employment handicap, then the applicant or recipient should be the responsibility of the Council for the Blind.

Moreover, under section 4 of the Vocational Rehabilitation Act of May 22, 1945, P. L. 849, 43 PS §681.4, the State Board of Vocational Rehabilitation has certain responsibilities, as follows:

"Except as otherwise provided by State law with respect to vocational rehabilitation of the blind, the State board shall provide vocational rehabilitation services to disabled individuals determined to be eligible therefor, and in carrying out the purposes of this act the State board is authorized among other things,

"(1) *To coöperate with other departments, agencies and institutions, both public and private,* in providing for the vocational rehabilitation of disabled individuals in studying the problems involved therein, and in establishing, developing and providing, in conformity with the purposes of this act, such programs, facilities and services as may be necessary or desirable.

"(2) To enter into reciprocal agreements with other states to provide for the vocational rehabilitation of residents of the states concerned,

"(3) To conduct research and compile statistics relating to the vocational rehabilitation of disabled individuals,

"(4) To administer the expenditure of funds made available by the government of the United States for vocational rehabilitation,

"(5) To make surveys to ascertain the number and condition of physically handicapped persons within the Commonwealth, and

"(6) To administer the laws of the Commonwealth providing for vocational rehabilitation." (Italics supplied.)

Section 2 (7), 43 PS §681.2, provides that "prosthetic appliance" means "any artificial device necessary to support or take the place of a part of the body, or to increase the acuity of a sense organ".

Under the powers conferred by these sections, the State Board of Vocational Rehabilitation, within prescribed limitations, furnishes eye care and provides glasses for those who are employable after service is rendered.

The State Council for the Blind, under the above cited section 2320 of The Administrative Code of 1929, is empowered to furnish or make available medical treatment, surgical operations, eye glasses and other necessary aids or services, including transportation, to needy blind persons or persons with impaired vision for the purpose of improving, conserving or restoring their vision, provided the services and aids are otherwise unavailable. This council service is limited by The Administrative Code of 1929 to needy blind persons or persons with impaired vision. If necessary remedial eye care is otherwise unavailable, the Department of Public Assistance, under sections 2, 4 (*b*) and particularly 4 (*k*) of the Public Assistance Law, supra, may furnish remedial eye care to those persons who establish eligibility for any of the included categories of public assistance.

As in other programs, including care of the tubercular and those suffering from venereal diseases, where care is given by the Department of Health, the Department of Public Assistance, if and when necessary, supplements such care; in the same manner your depart-

ment may supplement remedial eye care given by other departments or agencies in accordance with sections 2, 4(b) and 4(k) of the Public Assistance Law, as amended, supra, 62 PS §§2502 and 2504.

The various departments having duties and responsibilities in connection with the needy blind and those requiring remedial eye care should be coördinated to formulate an adequate and complete program of remedial eye care at the lowest possible cost to the taxpayers of the Commonwealth.

See section 501 of The Administrative Code of 1929, supra, 71 PS §181, providing for such coördination, which reads as follows:

"The several administrative departments, and the several independent administrative and departmental administrative boards and commissions, shall devise a practical and working basis for coöperation and coordination of work, eliminating, duplicating, and overlapping of functions, and shall, so far as practical, cooperate with each other in the use of employes, land, buildings, quarters, facilities, and equipment. The head of any administrative department, or any independent administrative or departmental administrative board or commission, may empower or require an employe of another such department, board, or commission, subject to the consent of the head of such department or of such board or commission, to perform any duty which he or it might require of the employes of his or its own department, board, or commission."

We are of the opinion, therefore, and you are accordingly advised that the term "medical care" included in the definition of "assistance" in section 2 of the Public Assistance Law of June 24, 1937, P. L. 2051, as amended, 62 PS §2502, includes eye care, but the Department of Public Assistance may only furnish eye care when it is not fully furnished by other departments, or the department may supplement eye care

furnished by the State Council for the Blind, Department of Welfare, under section 2320 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §610, and the State Board of Vocational Rehabilitation under the Vocational Rehabilitation Act of May 22, 1945, P. L. 849, 43 PS §§681.1 et seq. Under the above quoted section 2320 of The Administrative Code of 1929, as amended, supra, as well as the several laws quoted above, the duty of remedial eye care rests upon several units of Government; therefore, in accordance with section 501 of The Administrative Code of 1929, supra, the various units or agencies of Government that have such responsibility for remedial eye care should confer with each other to develop a coördinated program of remedial eye care and thus prevent overlapping and duplicate services. For example, an interdepartmental committee on remedial eye care could be established as has been done in the case of children's services, to the end that there would be coördination and coöperation to effectuate a complete remedial eye care program in accordance with the several laws above cited.